Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **TIERRAZO CORPORATION REPRESENTADA POR SU PRESIDENTE CARLOS MANUEL CRUZ BENÍTEZ**<br><br>Recurridos<br><br>**v.**<br><br>**JUANA FIGUEROA GÓMEZ Y OTROS**<br><br>Peticionarios | KLCE202500409 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Humacao**<br><br>Caso Núm.:<br>**HU2022CV01232**<br><br>Sobre: **COBRO DE DINERO-ORDINARIO Y OTROS** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## RESOLUCION

En San Juan, Puerto Rico, a 27 de mayo de 2025.

Comparece ante nos, Juana Figueroa Gómez y Ramón Luis Pomales, en adelante, peticionarios, solicitando que revisemos la *"Resolución"* del Tribunal de Primera Instancia, Sala Superior de Humacao, en adelante, TPI-Humacao, notificada el 7 de marzo de 2025. En la misma, el Foro Recurrido declaró *"No Ha Lugar"* la solicitud de desestimación de los peticionarios.

Por los fundamentos que expondremos a continuación, *denegamos* el recurso.

### I.

El 3 de agosto de 2006, se constituyó una escritura de *"Compraventa Asumiendo Hipoteca y Constitución de Hipoteca"*, mediante la cual Hilarina Meléndez Telmont y Luz Delia Meléndez Telmont vendieron a Tierrazo Corporation, en adelante, Tierrazo o recurrido, una finca ubicada en el Municipio de Naguabo, con dos

(2) propiedades destinadas a la vivienda.[1] Surge de los documentos en el expediente, que desde el 15 de enero de 2011, los peticionarios han ocupado como arrendadores una de las propiedades antes mencionadas por un canon de $400.00 mensuales.[2]

Ahora bien, el 24 de mayo de 2022, la representación legal de Tierrazo les envió una misiva a los peticionarios, solicitando el desalojo inmediato de la vivienda, y la suma de $23,700.00 por los años de renta no pagados.[3] Sin embargo, el 5 de septiembre de 2022, el recurrido incoó una *"Demanda"* por desahucio en precario y cobro de dinero, a la que anejó la escritura de compraventa.[4] En la misma, adujo que los peticionarios no le pagaban renta desde el mes de septiembre del año 2017. Añadió que después del 15 de noviembre de 2018, no se renovó el contrato de arrendamiento, por lo que estos han ocupado la casa en precario.

Por su parte, los peticionarios presentaron su *"Contestación a Demanda"* el 7 de noviembre de 2022.[5] En su escrito, estos sostienen que la escritura anejada a la demanda no ha sido presentada en el Registro de la Propiedad. Alegan, además, que los dueños registrales de la vivienda en cuestión, los cuales son parte con interés preferente e indispensables, son diferentes a Tierrazo. También añadieron que nunca han realizado negocios con este último. A su contestación, los peticionarios anejaron el certificado de Hoja Simple del Registro de la Propiedad, en donde surge que los dueños registrales de la finca en controversia son los herederos Meléndez Telmont.[6]

Luego de varios trámites procesales previos a la celebración del juicio, los peticionarios radicaron ante el TPI-Humacao una

---

[1] Apéndice del recurso, pág. 9.
[2] *Id.*, pág. 22.
[3] *Id.*, pág. 27.
[4] *Id.*, pág. 1.
[5] *Id.*, pág. 32.
[6] *Id.*, pág. 35.

*"Moción Solicitando Desestimación por Falta de Parte Indispensable"*.[7] El 19 de febrero de 2025, el recurrido presentó su *"Oposición a Solicitud de Desestimación"*.[8] En la misma sostuvo que el caso de epígrafe es uno de desahucio y cobro de dinero, por lo que la titularidad de la propiedad no está en controversia. Además, adujo que la escritura presentada evidenciaba su legitimación activa para la demanda presentada.

Así las cosas, el 7 de marzo de 2025, el Foro Primario notificó una *"Resolución"*, en la que declaró *"No Ha Lugar"* la solicitud de desestimación de los peticionarios.[9] Inconforme, el 24 de marzo de 2025, estos presentaron una *"Moción en Solicitud de Reconsideración"*,[10] a la cual se opuso Tierrazo el 25 de marzo de 2025.[11] Ese mismo día, el TPI-Humacao dictó una *"Resolución Interlocutoria"* declarando la reconsideración *"No Ha Lugar"*.[12]

Posteriormente, el 15 de abril de 2025, los peticionarios presentaron ante esta Curia un *"Recurso de Certiorari Civil"*, en el que impugnaron la *"Resolución"* del Foro Recurrido del 7 de marzo de 2025. En su escrito, los peticionarios hacen el siguiente señalamiento de error:

> **Erró el foro de instancia al resolver que los dueños registrales no son parte indispensable en una controversia sobre desahucio ordinario.**

Mediante *"Resolución"* del 25 de abril de 2025, le concedimos a la parte recurrida hasta el 29 de abril de 2025 para presentar su escrito en oposición al recurso. Vencido el término establecido sin su comparecencia, procedemos a expresarnos.

---

[7] Apéndice del recurso, pág. 38.
[8] *Id.*, pág. 42.
[9] *Id.*, pág. 48.
[10] *Id.*, pág. 58.
[11] *Id.*, pág. 63.
[12] *Id.*, pág. 61.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> [. . .]

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada Regla expone los criterios que esta Curia deberá

considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *IG Builders et al. v. BBVA PR,* 185 DPR 307, 338-339 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)  Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> 4 LPRA Ap. XXII-B, R. 40.
> *BPPR v. Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo

intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Pueblo v. Custodio Colón*, supra, pág. 589; *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). (Énfasis suplido).

### III.

Los peticionarios recurren ante nos, alegando que el TPI-Humacao se equivocó al no desestimar la demanda de desahucio en precario y cobro de dinero en su contra, por no haberse traído al pleito una parte indispensable. Sostiene que el Foro Recurrido se equivocó al concluir que los dueños registrales de una propiedad no son parte indispensable en un caso de esta naturaleza.

Luego de un examen sosegado del expediente ante nos, y conforme a la norma que nos obliga a determinar nuestra facultad de evaluar un recurso como este, nos vemos impedidos de expedir el mismo. Además, lo cierto es que no hemos identificado perjuicio,

parcialidad o abuso de discreción en la determinación del TPI-Humacao.

Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, supra, y los criterios evaluativos de la Regla 40 de nuestro Reglamento, supra, estamos impedidos de entrar en los méritos de la polémica ante nos, si no se demuestra fracaso irremediable de la justicia. Este Tribunal ha evaluado detenidamente el expediente y el tracto procesal del caso de epígrafe, y no encontramos razón en derecho que justifique nuestra intervención.

**IV.**

Por los fundamentos antes expuestos, *denegamos expedir el recurso de autos.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones